1 | **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF ARIZONA

7

8  | United States of America,        )
                                       )
9  |                    Plaintiff,     )
                                       )
10 |         v.                        )    NO. 06-7071M
                                       )
11 | Hector Pena-Tapia,                )    O R D E R
                                       )
12 | _____ Defendant.    )

13      Having considered the motion of the defendant to allow the

14 Government additional time under the Speedy Trial Act to file an

15 indictment, together with the Government's response to that

16 motion, the Court finds that the ends of justice served by

17 granting the extension outweigh the best interest of the public

18 and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(8)(A).

19      In making this finding, the Court has considered each of the

20 factors specified in 18 U.S.C. § 3161(h)(8)(B).  In addition, the

21 Court has considered the following:

22      1.  Counsel has only recently been appointed for the

23 defendant.

24      2.  The Government's policy, which is well known to the Court

25 through proceedings in previous cases involving numerous

26 defendants, provides a sentencing incentive to encourage early

27 pleas of guilty in cases brought pursuant to 8 U.S.C. § 1326.

28      3.  The savings in time by expediting the proceedings in

1  appropriate cases serves the public interest by reducing the costs

2  of detention, prosecution and defense as well as in bringing such

3  charges to a prompt resolution.

4      4.   The avoidance of grand jury proceedings with the

5  voluntary consent of a defendant, when appropriate, reduces the

6  number of proceedings required to bring a criminal matter to a

7  prompt resolution.

8      5.   An early decision by a defendant to reach a plea

9  agreement with the Government often avoids the need to present the

10  matter to a grand jury.

11      6.   In order to allow the defendant's attorney an opportunity

12  to investigate possible defenses to a charge in a criminal

13  complaint and to adequately counsel the defendant, additional time

14  is often needed for the filing of an indictment or information

15  beyond the thirty (30) day period provided in the Speedy Trial

16  Act.   The Government's standard offer requires the defendant to

17  waive his right to grand jury proceedings and agree to proceed by

18  the filing of an information.   If the defendant does not agree to

19  this procedure within the time allowed by statute, the Government

20  would withdraw the plea offer.

21      7.   Disposition of immigration cases through the pre-

22  indictment plea offer results in an expeditious resolution of the

23  case.   Granting a thirty (30) day continuance allows defense

24  counsel time to assure that the plea offer is in the defendant's

25  best interest.

26      The Court therefore concludes that the ends of justice are

27  best served by granting an extension of time to present the case

28

1 | to the grand jury and in excluding a period of thirty (30) days

2 | under the Speedy Trial Act.  In making this determination, the

3 | Court has particularly taken into account that the failure to

4 | grant the defendant's request "would deny counsel for the

5 | defendant. . .the reasonable time necessary for effective

6 | preparation, taking into account the exercise of due diligence."

7 | 18 U.S.C. § 3161(h)(8)(B)(iv).

8 | **IT IS ORDERED** granting defendant's Motion to Extend Time to

9 | Indict.

10 | **IT IS FURTHER ORDERED** that excludable time shall begin to run

11 | on the 31st day after arrest for a period of thirty (30) days in

12 | which the Government may present the case to the grand jury.

13 | DATED this 16th day of March, 2006.

14 |

15 |

16 | Virginia A. Mathis

17 | Virginia A. Mathis
United States Magistrate Judge

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 | 3